IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:10-CV-00080-FDW-DSC

| | |
|---|---|
| RONALD E. DAVIS, JR., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JOHN POTTER, Postmaster General, and )<br>CHRIS BROOKS, )<br>)<br>Defendants. )<br>) | NOTICE |

THIS MATTER is before the Court *sua sponte* following the filing of Defendants' Motion to Dismiss (Doc. No. 13) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, wherein Defendants have moved the Court to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The Court notes that Plaintiff has already filed a response to Defendants' Motion to Dismiss on July 2, 2010. Nevertheless, in an abundance of caution, the Court issues the following notice.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that he carries the burden in showing that subject matter jurisdiction exists. In Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991), the Fourth Circuit recognized:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

> The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768-69.

Additionally, Plaintiff is reminded that in order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

While Plaintiff has already timely filed a response to Defendants' Motion to Dismiss on July 2, 2010, the Court wanted to provide Plaintiff the opportunity to supplement his response, if desired, in light of this notice. Plaintiff may, but is not required, to supplement his response. Plaintiff need not submit a restatement of his earlier arguments, as those arguments will already be considered by the Court. **If Plaintiff chooses to file a supplement to his response, Plaintiff should file such a supplement no later than Wednesday, July 21, 2010.** Defendants shall have until **Friday, July 30, 2010,** to file a reply.

The Clerk is directed to send a copy of this Notice to Plaintiff at 1221 Brook Farm Lane, Charlotte, NC 28214, which is Plaintiff's address of record, and to counsel for the Defendants. IT IS SO ORDERED.

Signed: July 7, 2010

_____
Frank D. Whitney
United States District Judge