# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10-CV-00080-FDW-DSC

| | |
|---|---|
| RONALD E. DAVIS, JR., | ) |
| Plaintiff, | ) |
| v. | ) |
| JOHN E. POTTER, Postmaster General, | ) ORDER |
| Defendant. | ) |

THIS MATTER is before the Court upon Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. No. 13).[1] Defendant maintains Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) because Plaintiff failed to exhaust all administrative remedies and, thus, is barred from bringing his claims before this Court. Plaintiff responded promptly to this Motion on July 2, 2010. (Doc. No. 15). Since Plaintiff is proceeding *pro se*, the Court issued a cautionary Roseboro Notice on July 8, 2010, which advised Plaintiff of the burden he carries in responding to Defendants' Motion and allowed Plaintiff to supplement his initial response to Defendants' Motion. (Doc. No. 17). Plaintiff subsequently filed a supplemental response on July 14, 2010. (Doc. No. 18). This matter has been fully briefed and is now ripe for disposition.

Due to Plaintiff's failure to exhaust all administrative remedies, the Court is compelled to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Accordingly, for the reasons set forth, Defendant Postmaster General John Potter's Motion to Dismiss (Doc. No. 13) is GRANTED.

---

[1] The Motion to Dismiss was filed by Defendants John Potter, Postmaster General, and Chris Brooks. Subsequently, Plaintiff voluntarily dismissed Defendant Chris Brooks. (Doc. No. 19). The Court entered a text-only order dismissing Chris Brooks on October 1, 2010, and Brooks is no longer a party in the above-captioned matter.

# I. BACKGROUND

Since September 5, 2005, Plaintiff has been employed by the United States Postal Service ("USPS").[2] Plaintiff filed this action alleging that during his employment he was repeatedly harassed and discriminated against because of physical and mental disabilities and maintains his rights were violated under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*[3]

On or about September 4, 2009,[4] Plaintiff filed a complaint with the USPS Equal Employment Opportunity Office ("EEO Office") based on Defendant's alleged discrimination and harassment. On October 20, 2009, the assigned EEO investigator notified Plaintiff via USPS Priority Mail that the issue had been accepted for investigation. A delivery confirmation indicated the letter was delivered to Plaintiff's address of record on October 22, 2009. This letter required Plaintiff to submit an "affidavit of the facts which led [him] to believe [he was] the victim of illegal/unlawful employment discrimination." (Doc. No. 13-1). This affidavit request specified that the completed affidavit must be submitted no later than fifteen (15) days from receipt of the request. Finally, the affidavit request noted that Plaintiff's failure to respond could result in dismissal of Plaintiff's complaint.

Plaintiff apparently did not respond to this affidavit request. Plaintiff presented evidence of selected electronic correspondence with the EEO investigator, but these records do not show the

---

[2] The Court presumes Plaintiff is still employed by the USPS in the absence of information indicating otherwise.

[3] *Pro se* Plaintiff specifically sues under the FMLA, and the Rehabilitation Act (Doc. No. 2) but the allegations contained in the Complaint and the Addendum to the Complaint (Doc. No. 16) may also include a possible claim under the Americans with Disabilities Act ("ADA"). Even if an ADA claim were included here, it would not affect the disposition of this matter. See, e.g., Davis v. Virginia Commonwealth Univ., 180 F.3d 626, 638 n.3 (4th Cir. 1999).

[4] Conflicting documents indicate Plaintiff filed charges on September 4, 2009, (Doc. No. 2 at 7), while the parties indicate Plaintiff filed charges on September 9, 2009 (Doc. No. 2 at 2, Doc. 13 at 2).

submission of an affidavit (Doc. No. 15, pp. 3-5). Subsequently, on December 17, 2009, the EEO Office dismissed Plaintiff's complaint on the grounds that Plaintiff failed to cooperate with EEO investigators, and, thus, there was insufficient information in the record to adjudicate Plaintiff's complaint. (Doc. No. 2, pp. 7-9). Plaintiff was notified that he could appeal the decision of dismissal to the Equal Employment Opportunity Commission or Plaintiff could choose to file a civil action in an appropriate U.S. District Court.

## II. DISCUSSION

Plaintiff has the burden of proving that this Court has subject matter jurisdiction over this lawsuit. See Richmond, Fredericksburg, & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In Richmond, the Fourth Circuit recognized:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553 (9th Cir. 1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to *de novo* appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989); Schultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir. 1989).

945 F.2d at 768-69.

For this Court to have subject matter jurisdiction over EEO claims, Plaintiff must first exhaust all administrative remedies prior to bringing an action in federal court. Brown v. Gen. Servs. Admin., 425 U.S. 820, 832 (1976); Wilkinson v. Rumsfeld, 100 F.App'x 155, 157 (4th Cir. 2004) (applying the same exhaustion requirement to Rehabilitation Act claims). The Fourth Circuit

has held that federal courts do not have subject matter jurisdiction over a claim arising under the Rehabilitation Act if the plaintiff has failed to exhaust administrative remedies. Wilkinson, 100 F.App'x at 157; accord Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citing Davis v. North Carolina Dept. of Corr., 48 F.3d 134, 138-40 (4th Cir. 1995)). Additionally, federal employees covered by the FMLA, including postal employees, see, e.g., 29 C.F.R. § 825.109(a), do not enjoy a private right of action to enforce provisions of the FMLA. Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997). Instead, federal employees, such as postal workers, must pursue relief under the exclusive remedial scheme available through the Civil Service Reform Act ("CSRA"). Id. at 37-38 (citing United States v. Fausto, 484 U.S. 439, 445 (1988)). This Court lacks subject matter jurisdiction to hear a claim under the FMLA where Plaintiff has failed to exhaust his administrative remedies under the CSRA. Gardner v. United States, 213 F.3d 735, 738 n.1 (D.C. Cir. 2000) (citing Hubbard v. EPA, 809, F.2d 1, 5 (D.C. Cir. 1987); Carducci v. Regan, 714 F.2d 171, 174-75 (D.C. Cir. 1983)).

Here, Plaintiff alleges discrimination based upon his disabilities by Defendant, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* However, Plaintiff fails to provide adequate evidence that, as required of a federal employee, he exhausted his administrative remedies before filing with this Court and, thus, Plaintiff has failed to meet his burden of establishing this Court has subject matter jurisdiction.

When a Plaintiff fails to comply with agency investigators by not supplying necessary information, this prevents the agency from fully investigating the charges and, therefore, administrative remedies have not been exhausted. Woodard v. Lehman, 717 F.2d 909, 915 (4th Cir. 1983) (holding that two federal employees had not exhausted administrative remedies by supplying a general employment discrimination complaint and refusing to supply the agency with requested

specific information). A "good faith effort by [an] employee to cooperate with the agency and the EEOC, [to] provide all relevant, available information is all that exhaustion requires, [but] when a complainant refuses or fails to provide the agency information sufficient to evaluate the merits of a claim, [the employee] cannot be deemed to have exhausted administrative remedies." Khader v. Aspin, 1 F.3d 968, 971 (10th Cir. 1993); see also Austin v. Winter, 286 F. App'x 31, 36 (4th Cir. 2008) (unpublished) (holding that appellant's failure to provide information to investigators prevented the agency from fully investigating the complaint and reaching a final decision, which constituted a failure to exhaust administrative remedies).

Furthermore, Defendant notified Plaintiff on two occasions that responses to information requests were necessary to meet the exhaustion requirement and failure to do so could result in a dismissal of the EEO claim. The EEO Office first notified Plaintiff of this requirement on July 28, 2009, in the manual entitled, *What You Need to Know About EEO* (Doc. No. 2, p. 8). Plaintiff was again notified on October 22, 2009, in the affidavit request letter which specifically stated Plaintiff's complaint would be dismissed pursuant to 29 C.F.R. § 1614.107(a)(7) if the affidavit was not completed and returned within fifteen (15) days of receipt. Plaintiff, however, chose to disregard these notices and failed to comply with the EEO Office's request. By providing these notifications, the EEO Office fully satisfied its obligation to inform Plaintiff of his responsibility to return the affidavit request or face dismissal pursuant to § 1614.107(a)(7).

Plaintiff's failure to timely respond to the EEO investigator's affidavit request prevented the EEO Office from obtaining information vital to determining the merits of Plaintiff's case. Due to Plaintiff's failure to respond, Plaintiff has not fulfilled the exhaustion requirement. Therefore, this Court lacks subject matter jurisdiction to evaluate the merits of Plaintiff's claim, and the complaint must be dismissed.

Finally, Plaintiff has made no allegations that he has sought any CSRA administrative relief for his FMLA claim, aside from those discussed above. The Court therefore lacks subject-matter jurisdiction to hear this claim.

Since this Court lacks jurisdiction pursuant to Rule 12(b)(1), the Court finds it redundant to address Defendant's 12(b)(6) basis for dismissal, as the end result would be the same.

### III. CONCLUSION

ACCORDINGLY for the reasons stated, Defendant's Motion to Dismiss (Doc. No. 13) is GRANTED and Plaintiff's claim is hereby DISMISSED without prejudice.

The Clerk is directed to send a copy of this Notice to Plaintiff at 1221 Brook Farm Lane, Charlotte, NC 28214, which is Plaintiff's address of record, and to counsel for the Defendants.

IT IS SO ORDERED.

    IT IS SO ORDERED.

Signed: October 7, 2010

*[Signature]*

Frank D. Whitney
United States District Judge